ALABAMA HIGHWAY EXPRESS CO. *v.* HEMPSTEAD, SHERIFF.

(Division A. April 22, 1940.)

[195 So. 493. No. 34127.]

**J. W. Backstrom,** of Leakeville, and **T. H. Byrd,** of Lucedale, for appellant.

478

O. F. Moss, of Lucedale, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is a suit by the Sheriff and Tax Collector of George County under Chapter 148, Laws of 1938, to enforce a tax lien on an automobile truck owned by the appellant.

The appellant is an Alabama corporation engaged in the interstate transportation of merchandise by automobile trucks as a contract carrier, using the public highways therefor. On March 29, 1939, the driver of one of its trucks obtained from the Sheriff of George County a permit for the operation of a motor truck of not more than two tons capacity from Lucedale to Latonia, a distance of twenty-two miles, over Highway No. 15, which traverses Mississippi and Alabama, paying two dollars therefor. The truck was then loaded with merchandise weighing over fourteen tons, consigned to points in the State of North Carolina.

The sheriff learned of this and seized the truck and its driver while on the way to Latonia and brought them back to Lucedale. He then released the merchandise and instituted this suit. The decree is for the recovery of the $792 privilege tax on a ten ton truck provided by Paragraph 4 of Section 3, Laws of 1938, plus twenty-five per cent thereof provided by Section 14 of the statute.

Paragraph 4 of Section 3 of this statute levies an annual privilege tax for the use of the highways of this State by automobile trucks ranging from $18 for a one ton truck to $792 for a ten ton truck, payable in October of each year, or, under Section 14 thereof, before the truck is operated on a highway; and, failing to so do, a penalty of twenty-five per cent of the tax must be paid in addition. Section 10 of the statute provides for temporary permits for using motor vehicles on the highway —a separate permit for each trip for a tax graded for trucks according to their tonnage capacity, the minimum tax being $2 covering a two and one-half or less ton truck, and the maximum being $7 for a truck of ten tons ca-

pacity. Sections 29 and 34 make it a criminal offense to run or operate a motor vehicle "contrary to the provisions of this chapter," or to violate any of the "sections of this act."

Section 30 is as follows: "All taxes, costs and penalties imposed by this act shall constitute a first lien on all motor vehicles operated in violation of the provisions hereof, which lien shall be paramount to any and all private liens, and any such motor vehicle shall be subject to being seized and impounded to enforce collection thereof. Any sheriff, deputy sheriff, or field man operating out of the office of the auditor of public accounts shall be authorized to arrest without warrant any person operating or driving any motor vehicle contrary to the provisions of this act within the limits of their respective jurisdiction and/or to seize and impound any motor vehicle being operated in the violation of the provisions hereof. In case of such arrest or seizure, such arresting or impounding officer shall immediately go into some court of competent jurisdiction to enforce the lien thereon."

The appellant admits the violation of the statute and offers no justification therefor, but says: 1st, the appellee was not authorized by the statute to institute the suit, authority so to do being in the attorney-general; 2nd, Section 29 of the statute provides an adequate and exclusive remedy; 3rd, the court below is without jurisdiction; and 4th, that if it is liable for any tax at all, it is only for the maximum tax provided by Section 10 of the statute, plus twenty-five per cent thereof.

Section 30 of the statute expressly confers authority on sheriffs to "go into some court of competent jurisdiction to enforce the lien thereon"—the seized motor vehicle. This necessarily contemplates the enforcement of the lien by a judicial proceeding begun and prosecuted by the officer seizing the motor vehicle.

Section 29 of the statute deals only with criminal prosecutions for violations of the statute, and not with the

enforcement of a lien on a motor vehicle for the payment of a privilege tax due thereon.

Chancery courts have jurisdiction to enforce this lien though not specifically conferred by the statute. Huggins v. Home Mutual Fire Insurance Co., 107 Miss: 650, 65 So. 646.

The permit obtained by the appellant only authorized it to transport a load of two tons, and, when, without excuse therefor, it transported a load of fourteen tons, the permit afforded it no protection. and it was then in the same position it would have been had it operated the truck without any permit therefor at all. Consequently, the court below committed no error under Section 14 of the statute in imposing the year's tax of $792 required by Paragraph 4 of Section 3 of the statute for a ten-ton truck, plus twenty-five per cent thereof. Whether it had power to impose a higher tax because of the four additional tons of the truck's capacity is not before us and we express no opinion thereon.

Affirmed.